FILED

2022 Jun-08  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

**ALABAMA SJIS CASE DETAIL**



PREPARED FOR: GINNY GAMBACURTA

County: **52**   Case Number: **CV-2022-900127.00**   Court Action:
Style: **THOMAS J JONES ET AL V. SPEEDWAY LLC**

Real Time

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 5/4/2022 | 12:39 PM | ECOMP | COMPLAINT E-FILED. | DEN041 |
| 5/4/2022 | 12:40 PM | FILE | FILED THIS DATE: 05/04/2022          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | ASSJ | ASSIGNED TO JUDGE: JENNIFER HOWELL          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 5/4/2022 | 12:40 PM | C001 | C001 PARTY ADDED: JONES THOMAS J          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | C001 | LISTED AS ATTORNEY FOR C001: DENNIS GARRETT PARKE | AJA |
| 5/4/2022 | 12:40 PM | C002 | C002 PARTY ADDED: ACKLIN TRICIA R          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | C002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | C002 | C002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | C002 | LISTED AS ATTORNEY FOR C002: DENNIS GARRETT PARKE | AJA |
| 5/4/2022 | 12:40 PM | D001 | D001 PARTY ADDED: SPEEDWAY LLC          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/4/2022 | 12:40 PM | D001 | CERTIFIED MAI ISSUED: 05/04/2022 TO D001          (AV02) | AJA |
| 5/4/2022 | 12:41 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 5/4/2022 | 12:41 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/5/2022 | 1:56 PM | ESCAN | SCAN - FILED 5/5/2022 - CERTIFIED MAIL | CYL |
| 5/10/2022 | 12:34 PM | ESERC | SERVICE RETURN - D001 - COMPLAINT | |
| 5/10/2022 | 12:35 PM | D001 | SERVICE OF CERTIFIED MAI ON 05/10/2022 FOR D001 | AJA |

 *END OF THE REPORT*

ELECTRONICALLY FILED
5/4/2022 12:39 PM
52-CV-2022-900127.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca...<br>52...<br><br>Date of Filing:<br>05/04/2022   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**THOMAS J JONES ET AL v. SPEEDWAY LLC**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other
**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** DEN041   5/4/2022 12:39:33 PM Date   /s/ GARRETT PARKER DENNIS Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
5/4/2022 12:39 PM
52-CV-2022-900127.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

THOMAS J. JONES,                    )
TRICIA R. ACKLIN,                   )
                                    )
     **Plaintiffs,**            )
                                    )
v.                                  )    **CASE NO.: CV-2022-_____**
                                    )
SPEEDWAY LLC,                       )
FICTITIOUS CONSTRUCTION             )
COMPANY,                            )

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, the driver of motor vehicle(s) involved in the occurrence made the basis of this lawsuit, whose negligence caused Thomas Jones and Tricia Acklin's (hereinafter collectively referred to as "Plaintiffs") injuries; No. 2, whether singular or plural, the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 3, whether singular or plural, the person, firm or corporation who was responsible for the rental, sale, or lease of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; No. 5, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; No. 7, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; No. 8, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; No. 9, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiffs' vehicle was performing some type of service or employment duty at the time of this collision; No. 10, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 12, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 13, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; No. 14, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; No. 15, whether singular or plural, that entity or those

entities who or which issued any policy of insurance which provided coverage for Plaintiffs on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); No. 16, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; No. 17, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 18, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 19 whether singular or plural, that person, firm or corporation whose negligence, wantonness, willfulness and/or otherwise wrongful conduct caused the collision and damages made the basis of this suit; No. 20 whether singular or plural, that entity other than those entities described above whose actionable conduct contributed to cause the occurrence made basis of this lawsuit; No. 21, whether singular or plural, that entity or those entities other than those entities described above, which provided workers compensation benefits to Plaintiffs and/or on their behalf as a result of the incident made the basis of this Complaint.  Plaintiffs aver that the identities listed herein as fictitious party defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time their identities as proper party defendants is not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained],

**Defendants.**

## PLAINTIFFS' COMPLAINT

### PARTIES & VENUE

1.      Plaintiff, THOMAS J. JONES (hereinafter referred to as "Plaintiff Jones" or "Plaintiff"), is an individual over the age of nineteen (19) years and is a resident of Lauderdale County, Alabama.

2.      Plaintiff, TRICIA R. ACKLIN (hereinafter referred to as "Plaintiff Acklin" or Plaintiff), is an individual over the age of nineteen (19) years and is a resident of Lauderdale County, Alabama.

3.      Defendant, SPEEDWAY LLC , is a foreign corporation that on the day in question was doing business within the limits Morgan County, Alabama.

4.      Defendant, FICTITIOUS CONSTRUCTION COMPANY, was the company and/or individual hired by Speedway LLC to perform work on its premises at 3026 Hwy 20, Decatur, AL 35601.

5.      Fictitious Defendants, described above as numbers one (1) through twenty-one (21), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTUAL BACKGROUND

6.      On or about September 20, 2020, Plaintiff Jones was operating a motorcycle on US 72 Alternate, otherwise known as, Highway 20, at the same time Plaintiff Acklin was a passenger on said motorcycle.

7.      Plaintiff Jones was operating said motorcycle at or near the location of Defendant Speedway LLC's gas station with an address of 3026 Hwy 20, Decatur, AL 35601.

8.      At the aforesaid time, Defendant Speedway LLC and/or fictitious construction company were conducting work on the premises of Speedway LLC with an address of 3026 Hwy 20, Decatur, AL 35601.

9.      At the aforesaid time, Defendant Speedway LLC and/or fictitious construction company caused and/or allowed a traffic cone and/or other objects to enter into the public highway.

10.     While Plaintiffs were riding their motorcycle past the Defendant's gas station they struck the traffic cone and/or object and crashed.

11.     This incident occurred at night and the cone was not identifiable to the Plaintiffs.

12.     As a proximate consequence of the negligence and wantonness of Defendant and/or Fictitious Defendants, Plaintiff Jones was injured, harmed and damaged as follows:

    (a)     He suffered injuries to various portions of his body, including but not limited to his: neck and back;

    (b)     He suffered aggravations of pre-existing condition(s);

    (c)     He has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

    (d)     He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

    (e)     He was permanently injured, disfigured and damaged;

    (f)     He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals and is reasonably certain to incur personal injury medical expenses in the future;

(g)     He was caused to incur out-of-pocket medical expenses;

(h)     He was caused to lose income and earning capacity; and

(i)     His vehicle was twisted, torn, damaged and diminished in value.

13.     As a proximate consequence of the negligence and wantonness of Defendant and/or

Fictitious Defendants, Plaintiff Acklin was injured, harmed and damaged as follows:

(a)     He suffered injuries to various portions of his body, including but not limited
        to her: head, face, and knee,

(b)     She suffered aggravations of pre-existing condition(s);

(c)     She has experienced and continues to experience pain and suffering and is
        reasonably certain to experience pain and suffering in the future;

(d)     She has experienced and continues to experience mental anguish and is
        reasonably certain to experience mental anguish in the future;

(e)     She was permanently injured, disfigured and damaged;

(f)     She was caused to incur personal injury medical expenses for treatment from
        various doctors, physicians, and hospitals and is reasonably certain to incur
        personal injury medical expenses in the future;

(g)     She was caused to incur out-of-pocket medical expenses;

(h)     She was caused to lose income and earning capacity; and

## COUNT ONE - NEGLIGENCE

14.     Plaintiffs re-allege all preceding paragraphs of the Complaint as if fully set forth herein.

15.     At the aforesaid time and place, Defendant owed a duty to Plaintiffs to, inter alia, to

prevent objects, such as cones, from entering into the public highway.

16.     Defendant and/or Fictitious Defendants, breached his/their duties to Plaintiffs by

negligently failing to prevent objects from its parking lot to enter into the public highway and by

otherwise failing to exercise reasonable and due care.

17.     As a proximate consequence of the negligence of Speedway LLC and/or Fictitious

Defendants, Plaintiffs were injured and damaged as set forth above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Speedway LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – WANTONNESS / RECKLESSNESS

18.   Plaintiffs re-allege all preceding paragraphs of the Complaint as if fully set forth herein.

19.   Defendant, Speedway LLC, and/or fictitious defendants intentionally caused an object to enter onto the public highway from the parking lot of Speedway LLC.

20.   Defendant and/or fictitious defendants conducted the construction and acted with no regard for the presence of motorists and with total disregard for the safety of others.

21.   As a proximate consequence of the wantonness and/or recklessness of Defendant and/or fictitious defendants, Plaintiffs were injured and damaged as set forth above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Speedway LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the court render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT THREE – *RESPONDEAT SUPERIOR*

22.   Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

23.   At the time and place of the incident made the basis of this suit, employees of Speedway LLC were conducting work on the premises of Defendant's gas station and were within the line and scope of their employment with Defendant.

24.   Speedway LLC is vicariously liable for its employees acts and/or omissions.   Said

negligent and/or wanton/reckless conduct was a proximate cause of the Plaintiffs' injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Speedway LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs requests that the court render a verdict for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FOUR – NEGLIGENT/WANTON
## HIRING, TRAINING, SUPERVISION AND/OR RETENTION

25.     Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

26.     At the aforesaid time and place, and for some time prior thereto, Speedway LLC had the supervisory authority and was charged with the hiring, training, supervising, and retention of its agents, employees, and/or workers.

27.     Speedway LLC negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its workers.

28.     In particular, Speedway LLC negligently and/or wantonly failed to supervise in such a manner that would prevent objects from entering onto the public highway from its premises.

29.     Said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries and damages described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Speedway LLC and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiffs request that the court render a verdict

for Plaintiffs and against each Defendant, and that it award punitive damages to Plaintiffs in an amount

which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and

which will effectively prevent other similar wrongful acts/omissions.

Respectfully Submitted,

_____
Garrett Dennis (DEN041)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
221 Longwood Dr. SW
Huntsville, AL 35801
Phone:        (205) 983-8144
Facsimile:   (205) 983-8444
Email:        gdennis@asilpc.com

Plaintiffs' Address:
SHUNNARAH INJURY LAWYERS, P.C.
221 Longwood Dr. SW
Huntsville, AL 35801

DOCUMENT 2

## **REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK**

Pursuant to ARCP 4.1 and 4.2, Plaintiffs requests that the ***Clerk*** direct service of the

foregoing "Summons and Complaint" by certified mail, addressed as follows:

Speedway LLC
4000 Eagle Point Corporate Drive
Birmingham, AL 35242


Garrett Dennis (DEN041)
Attorney for Plaintiff



AlaFile E-Notice

52-CV-2022-900127.00

To:  GARRETT PARKER DENNIS
gdennis@asilpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

THOMAS J JONES ET AL V. SPEEDWAY LLC
52-CV-2022-900127.00

The following complaint was FILED on 5/4/2022 12:39:23 PM

Notice Date:     5/4/2022 12:39:23 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

USPS CERTIFIED MAIL

9214 8901 7301 4152 2200 0105 70

**52-CV-2022-900127.00**

To:  SPEEDWAY LLC
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL 35242

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

**THOMAS J JONES ET AL V. SPEEDWAY LLC**
**52-CV-2022-900127.00**

The following complaint was FILED on 5/4/2022 12:39:23 PM

Notice Date:      5/4/2022 12:39:23 PM

**CHRIS PRIEST**
**CIRCUIT COURT CLERK**
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL 35602

256-351-4720
chris.priest@alacourt.gov

DOCUMENT 3



ELECTRONICALLY FILED
5/4/2022 12:39 PM
52-CV-2022-900127.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

| | | |
|---|---|---|
| **THOMAS J. JONES, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:**_____ |
| | ) | |
| **SPEEDWAY LLC, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

The Plaintiff hereby serves these First Interrogatories and Request for Production of Documents upon the Defendant to be answered under oath in accordance with the Alabama Rules of Civil Procedure. These Interrogatories shall be deemed continuing so as to require supplemental answers if the person to whom the interrogatory is addressed obtains further information between the time the answers are served and the time of trial. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

### DEFINITIONS

NOTE A: Any reference to "you," "your," "this defendant," "these defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant SPEEDWAY LLC as identified in the Plaintiff's Complaint.

NOTE B: These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:    If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:     The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refer to one Thomas J. Jones and Tricia R. Acklin in their individual capacity on or about the date of the injury giving rise to the present lawsuit.

NOTE E:     The terms "scene," "site," "place" and/or "aisle" refer to that place representing the site, aisle and/or area of this Defendant's premises where one Thomas J. Jones and Tricia R. Acklin sustained injuries forming the basis of the present civil action.

## INTERROGATORIES

1.     Who were the supervisory employees who were authorized and/or assigned to oversee upkeep and/or maintenance conducted at the your store located at 3026 Hwy 20, Decatur, AL 35601 during the month of September 2020?  Your response should include the full name of any and all employees, job titles, last known addresses and social security numbers.

2.     State this Defendant's name correctly and/or the correct way this Defendant should be designated as a party Defendant in an action at law (at the time of the occurrence forming the basis of this suit and at the time these interrogatories were answered).

3.     State the name and address of each person from whom a statement, whether oral, written or otherwise recorded that has been obtained by this defendant or on behalf of this Defendant. Your response should also include the dates and times of any such statements.

4.     Describe in full detail this Defendant's account of the occurrence forming the basis of the Plaintiff's Complaint, *i.e.*, how the Plaintiff's injury occurred.  Include in your response a detailed description of all events that had any bearing on the cause and manner of the occurrence, whether said event occurred before, at the time of, or after the happening of the occurrence.

5.     Describe in full detail all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of the Defendant or anyone else to this Defendant's knowledge, saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this lawsuit that relate in any way to said occurrence.

6.     State the full name and address of any person and or company that was hired and/or was to performing work on Defendant's premises, 3026 Hwy 20, Decatur, AL 35601, during the month of September 2020.

7.     Describe in detail when and by whom the Defendant was first informed of the Plaintiff's injury at the site of the occurrence forming the basis of this lawsuit.

8.     State whether the Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence forming the basis of this lawsuit, including the scene of said occurrence.  If so, describe each photograph or motion picture, state when it was taken, and state the name, address and job description of the person who has

possession, custody or control of each respective photograph or motion picture. Attach any and all such photographs or motion pictures to your interrogatory answers.

     9.    Was an investigation or report made by and/or for the Defendant pertaining to the occurrence made the basis of this lawsuit? If so, provide the following information:

    (a)    The contents, nature and substance of any and all reports that were made;

    (b)    The result or conclusions of any and all investigation conducted;

    (c)    The dates and times for any and all investigations or reports generated;

    (d)    The name and job title of the person or persons who conducted any such investigation or produced any such reports;

    (e)    The name and job title the person or persons who supervised or participated in any way with regard to any investigation or report generated; and

    (f)    The name and job title of the person or persons who are in the care, custody and control of such documents at the present time.

     10.    Describe the type of insurance coverage or protection provided for the Defendant at the time of the occurrence forming the basis of this lawsuit or at any time prior thereto, and state the applicable limits of liability.

     11.    State the full name and address of each witness that you expect to call at the trial of this case.

     12.    State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the incident referenced in the Plaintiff's complaint, including, but not limited to, eyewitnesses to the event.

     13.    State in complete detail this Defendant's policies and procedures for warning or otherwise placing customers on notice of the potential for dangerous or hazardous conditions that are present or exist on the flooring of the Defendant's premises.

     14.    Describe in complete detail the substance of any and all statements made by the Plaintiff to the Defendant or any and all agents, servants or employees of the Defendant at the scene of the Plaintiff's fall and immediately thereafter.

     15.    Is it the contention of the Defendant that the Plaintiff, by any act or omission, caused or contributed to cause her own injury? If so, state in complete detail each and every act or omission by the Plaintiff that you contend caused or contributed to cause her injury.

## **REQUESTS FOR PRODUCTION**

1.       Produce any and all statements taken by the Defendant, or taken at the direction or instruction of the Defendant pertaining to the facts and circumstances giving rise to the present civil action.

2.       Produce any and all documentation related to any manuals, booklets or other writings generated by the Defendant that concern policies and procedures for conducting investigation and documentation of injuries that occur within this Defendant's stores.

3.       Produce any and all documentation evidencing or relating to any and all accident investigation, incident reports, memoranda, correspondence or any other documents, sketches, surveillance video or photographs of the scene or the Plaintiff that relate to the incident forming the basis of this lawsuit. The response to this request should include any and all documentation used or referenced to provide responses to any of the Plaintiff's Interrogatories above.

4.       Produce any and all documentation evidencing or relating to the Defendant's policies and procedures, whether written or otherwise, for maintenance and/or upkeep of the premises.

5.       Produce any and all documentation evidencing or relating to all repairs, modifications, maintenance, clean-ups or variations of the premises located at 3026 Hwy 20, Decatur, AL 35601, within one year prior to the incident made the basis of this lawsuit and the six months after the incident made the basis of this lawsuit. The response to this request should include any and all documentation used or referenced to provide responses to any of the Plaintiff's interrogatories set out above.

6.       Produce any and all documentation used or referenced by the Defendant or any agent, representative or employee of the Defendant to provide responses to any of the Plaintiff's interrogatories set out above.

7.       Produce any and all documentation evidencing or relating to any and all contracts relating to construction, repairs, modifications, or variations to be performed on Defendant's premises located at 3026 Hwy 20, Decatur, AL 35601 that occurred during September of 2020.

8.       Produce complete copies of any and all documents you receive throughout the by way of subpoena or release.

**DATED:** This the 4th day of May, 2022.

Respectfully Submitted,

Garrett Dennis (DEN041)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
221 Longwood Dr. SW
Huntsville, AL 35801
Phone:          (205) 983-8144
Facsimile:      (205) 983-8444
Email:          gdennis@asilpc.com

**CLERK:  PLEASE SERVE WITH SUMMONS AND COMPLAINT**

DOCUMENT 5

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>52-CV-2022-900127.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**THOMAS J JONES ET AL V. SPEEDWAY LLC**

**NOTICE TO:** SPEEDWAY LLC, 4000 EAGLE POINT CORP DR, BIRMINGHAM, AL 35242
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
GARRETT PARKER DENNIS
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE. S., BIRMINGHAM, AL 35222
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of THOMAS J JONES
*[Name(s)]*
pursuant to the Alabama Rules of the Civil Procedure.

| 05/04/2022 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ GARRETT PARKER DENNIS
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*            *(Name of County)*

Alabama on _____.
*(Date)*

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Server's Printed Name)*

_____
*(Address of Server)*

_____
*(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
THOMAS J JONES ET AL V. SPEEDWAY LLC

52-CV-2022-900127.00

To:  CLERK MORGAN
clerk.morgan@alacourt.gov

TOTAL POSTAGE PAID: $7.36

Parties to be served by Certified Mail - Return Receipt Requested

SPEEDWAY LLC                                         Postage: $7.36
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL 35242

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

DOCUMENT 7

**UNITED STATES**
**POSTAL SERVICE**

May 10, 2022

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 52-CV-2022-900127.00<br>Document Type: Complaint<br>Restricted Delivery Requested: No | Intended Recipient:<br>SPEEDWAY LLC  (D001)<br>4000 EAGLE POINT CORP DR<br>BIRMINGHAM, AL 35242 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4152 2200 0105 70**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | May 10, 2022, 11:54 am |
| **Location:** | BIRMINGHAM, AL 35242 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

## Recipient Signature

| Signature of Recipient: | KS RR45C-19<br>Corp Testfne |
|---|---|
| Address of Recipient: | 4000 EPC DR<br>35242 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

DOCUMENT 8



AlaFile E-Notice

52-CV-2022-900127.00

Judge: JENNIFER M. HOWELL

To:   DENNIS GARRETT PARKER
gdennis@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

THOMAS J JONES ET AL V. SPEEDWAY LLC
52-CV-2022-900127.00

The following matter was served on 5/10/2022

**D001 SPEEDWAY LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2022-900127.00

Judge: JENNIFER M. HOWELL

To:   DENNIS GARRETT PARKER
      gdennis@asilpc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

THOMAS J JONES ET AL V. SPEEDWAY LLC
52-CV-2022-900127.00

The following matter was served on 5/10/2022

**D001 SPEEDWAY LLC**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2022-900127.00

Judge: JENNIFER M. HOWELL

To:  SPEEDWAY LLC (PRO SE)
     4000 EAGLE POINT CORP DR
     BIRMINGHAM, AL, 35242-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

THOMAS J JONES ET AL V. SPEEDWAY LLC
52-CV-2022-900127.00

The following matter was served on 5/10/2022

**D001 SPEEDWAY LLC**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov