UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| THOMAS J. JONES, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 5:22-cv-0724-LCB |
| | ) |
| SPEEDWAY, LLC, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION & ORDER

On May 4, 2022, the Plaintiffs filed a complaint against Defendant Speedway, LLC, in the Circuit Court of Morgan County, Alabama. Speedway alleged that this Court had diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332, and removed the case to this Court on June 8, 2022, pursuant to 28 U.S.C. § 1446. The Plaintiffs did not file a motion to remand. On July 27, 2022, the Plaintiffs filed an amended complaint in this Court naming as an additional defendant Winesett-Hill Constructors, Inc.[1] (Doc. 8). The Court granted Winesett-Hill's motion to dismiss on May 12, 2023, on grounds that the Plaintiffs failed to timely perfect service. In the order dismissing Winesett-Hill, the Court noted that the Plaintiffs did not respond to the motion to dismiss within the 21-day time period set out in the Initial Order.

---

[1] According to the amended complaint, Winesett-Hill Constructors, Inc., is a foreign corporation for purposes of diversity jurisdiction. The Court's research indicates it is incorporated in Tennessee.

The Court had to issue a show-cause order before receiving a one-paragraph response that was found to be meritless. Thus, the order dismissing Winesett-Hill made clear that the Plaintiffs had missed at least two deadlines in the case: the deadline to timely serve Winesett-Hill and the deadline to respond to their motion to dismiss.

Currently before the Court is Defendant Speedway's motion for summary judgment. As with the motion to dismiss, the Plaintiffs have again failed to respond to a dispositive motion. In Appendix II of the Court's Initial Order regarding summary judgment requirements, the Court stated: "Unless otherwise indicated by the Court, the opponent's responsive brief shall be filed no later than twenty-one days from the filing of the motion…." (Doc. 5 at 15). Despite that language as well as the Court's admonitions in the order dismissing Winesett-Hill, the Plaintiffs have filed no response.

The Eleventh Circuit has held that under Rule 56(e), "'summary judgment cannot be granted by default even if there is a complete failure to respond to the motion.' Fed. R. Civ. P. 56(e) advisory committee notes to 2010 amendment. 'Where the nonmoving party has failed to respond to a motion for summary judgment, [the] district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.' *Ronald Sciortino Bankr. Estate v. Selene Fin., L.P.*, 2020 WL 5548340, at

\*3 (N.D. Ga. July 22, 2020) (citing *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)). 'While the district court need not review all the evidentiary materials on file, the district court must review the evidentiary materials submitted in support of summary judgment and determine whether they establish the absence of a genuine issue of material fact.' *Id.* (citation omitted)." *Broes v. Boyce*, 629 F. Supp. 3d 1324, 1332 (N.D. Ga. 2022), *aff'd sub nom. Broes v. Hall Cnty. Georgia Dist. Att'y*, No. 22-13914, 2023 WL 6620286 (11th Cir. Oct. 11, 2023). The Court has reviewed Speedway's motion for summary judgment along with its evidentiary submissions and finds that the motion is due to be granted.

## I. Plaintiffs' Allegations

Plaintiffs Thomas J. Jones and Tricia R. Acklin allege that on or about September 20, 2020, they were injured when the motorcycle they were operating struck a traffic cone or barrel near a Speedway store that was under construction on Highway 20 in Decatur, Alabama. The now-dismissed Defendant, Winesett-Hill, was under contract with Speedway to construct the store. (Doc. 23-3). The Plaintiffs bring claims of (1) negligence, (2) wantonness, (3) respondeat superior, and (4) negligent/wanton hiring, training, supervision, and retention against Speedway. Plaintiffs contend that Speedway, by and through its contractor Winesett-Hill

Constructors, Inc., negligently allowed a traffic cone or barrel to obstruct the highway, causing their injuries.

## II. Speedway's Motion for Summary Judgment and Relevant Legal Standard

In a nutshell, Speedway's argument is that liability in this case, if it exists, lays at the feet of Winesett-Hill, not Speedway, because Winesett-Hill was an independent contractor. Speedway contends that, as the premises owner, it is not responsible for the negligent acts of its independent contractor because "it did not retain or reserve the right to control the manner in which the Winesett-Hill performed its work, nor was the work that Winesett-Hill performed inherently or intrinsically dangerous" such that it would create a non-delegable duty. (Doc. 25 at 12). Therefore, Speedway says, there are no genuine disputes of material fact to be determined at a trial, and summary judgment is due to be granted in its favor.

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when a movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

To survive summary judgment, a nonmovant must assert facts that make a sufficient showing on every essential element of his case on which he bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Factual allegations must cite to specific evidentiary materials in the record. Fed. R. Civ. P. 56(c). Unsupported, speculative allegations do "not create a genuine issue of fact" and are not sufficient to withstand summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995)). When ruling on a summary judgment motion, a court construes the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts about the facts in the nonmovant's favor. *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 920 F.3d 704, 707 (11th Cir. 2019). Rule 56(e)(2) of the Federal Rules of Civil Procedure provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion." As noted, the Plaintiffs did not respond to the motion for summary judgment.

### A. Negligence

As to the Plaintiffs' negligence claim, Speedway correctly notes that to succeed in a negligence action, the plaintiff must prove that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered a

loss or injury; and (4) the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury. *Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995)[2]. According to Speedway, the undisputed facts demonstrate that it owed no duty to the Plaintiffs and, therefore, that the Plaintiffs cannot meet the first element. The Court agrees.

If the Plaintiff cannot show that the Defendant was subject to a legal duty, a negligence action cannot be maintained. *See Brushwitz v. Ezell*, 757 So. 2d 423, 433 (Ala. 2000). The Alabama Supreme Court has held:

> It is fundamental that generally a premises owner is not responsible for the negligent acts of an independent contractor. *Bell v. Sugarwood Homes, Inc.*, 619 So.2d 1298 (Ala.1993); *Klein v. Mr. Transmission, Inc.*, 294 Ala. 437, 318 So.2d 676 (1975); *Bains v. Dank*, 199 Ala. 250, 74 So. 341 (1917). One exception to this general rule is when the owner reserves a right to control the work of the independent contractor. *Bell*, supra. Another exception is when the work to be performed is a nondelegable duty or, in other words, is of such a nature that it is inherently or intrinsically dangerous. *Bacon v. Dixie Bronze Co.,* 475 So.2d 1177 (Ala.1985); *see also Fuller v. Tractor & Equipment Co.*, 545 So.2d 757 (Ala.1989).

*Upton v. Heaton*, 653 So. 2d 938, 939 (Ala. 1995).

Here, there is no genuine dispute that Winesett-Hill was an independent contractor. First, the contract between it and Speedway specifically provides that it

---

[2] In diversity cases, a federal court applies "the law of the forum in which it sits." *Barrs v. Auto-Owners Ins. Co.*, No. 22-13649, 2024 WL 3673089, at *3 (11th Cir. Aug. 6, 2024) (quoting *LaTorre v. Conn. Mut. Life Ins. Co.*, 38 F.3d 538, 540 (11th Cir. 1994). Accordingly, the Court will apply Alabama's substantive law in analyzing the claims in this order.

is an independent contractor. (Doc. 23-3 at 15) ("[Winesett-Hill] is an independent contractor with the right to supervise, manage, and direct the manner and methods for performing the work."). The contract further provided that "[Speedway] is interested only in the results to be obtained" but that it did have the right to review and inspect the work. The contract also provided that Winesett-Hill was to provide and maintain "guard fences, barricades, lights, and other safety decisions." (Doc. 23-3 at 7).

Further, Speedway submitted the sworn affidavit of Mark Samblanet, its Midwest Construction Department Manager, who stated that Speedway "did not provide supervision in regard to the project nor did Speedway provide any type of day to day oversight of the project. Speedway's monitoring of the project would relate to confirming that the project was being built according to specifications set forth in the Agreement, Bid Submittal, and Bid Addendum." (Doc. 23-4 at 2). Samblanet further asserted that Speedway did not direct Winesett-Hill's activities, did not own any of the construction equipment on the site, and did not perform any of the construction. He specifically noted that Winesett-Hill placed or ordered a subcontractor to place the traffic barrels the Plaintiffs allegedly struck. *Id.* The Plaintiffs have not disputed any of this.

As to the exception to the rule regarding independent contractors, i.e., that the work to be performed was a nondelegable duty or inherently or intrinsically

7

dangerous, Speedway notes that, under Alabama law, "building operations or activities including both construction and demolition, are generally not considered work of an inherently or intrinsically dangerous character rendering the employer-owner liable for injuries resulting from the negligence of an independent contractor in doing." *See Bacon v. Dixie Bronze Co*. 475 So. 2d 1177, 1181(citing *Evans v. Kendred*, 362 So. 2d 206, 208 (Ala. 1978) (stating that construction is not an inherently or intrinsically dangerous work)). The Plaintiffs have presented no evidence, or even allegations for that matter, to contradict this or to suggest that the duties being performed by Winesett-Hill were nondelegable.

Based on the foregoing undisputed facts, the Court concludes that Winesett-Hill was an independent contractor. As such, Speedway is not liable for its negligent acts. The Plaintiffs have pointed to no evidence to the contrary. Accordingly, summary judgment is due to be granted as to their negligence claim.

**B. Wantonness**

Alabama Code § 6-11-20(b)(3) defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Courts have expounded upon this definition, holding, "[w]antonness [is] the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Capstone Bldg. Corp*., 96 So. 3d 77,

84 (Ala. 2012). Additionally, "wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act." *Lafarge N. Am., Inc. v. Nord*, 86 So. 3d 326, 334 (quoting *McNeil v. Munson S.S. Line*, 184 Ala. 420, 423 (Ala. 1913)). Furthermore, "[w]antonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply are qualitatively different tort concepts of actionable culpability." *Nord*, 86 So. 3d at 333 (quoting *Tolbert v. Tolbert*, 903 So. 2d 103, 114–15 (Ala. 2004)).

Thus, to prove that Speedway acted wantonly, the Plaintiffs would have to prove that it consciously performed some act or neglected some duty while knowing that injury would likely result. As noted above, the evidence Speedway submitted demonstrates that Winesett-Hill provided the barrels in question and directed their placement in the road. Further, the uncontested evidence establishes that Speedway took no part in the actual construction and had no knowledge that the barrels were in the roadway or otherwise displaced. Given these uncontroverted facts, the Plaintiffs would not be able to prove that Speedway took or neglected to take any action with the knowledge that such action or inaction would result in injury. Accordingly, there is no genuine issue of material fact to be determined regarding the Plaintiffs' wantonness claim, and summary judgment is therefore due to be granted as to that count.

**C. Respondeat Superior**

Speedway is also entitled to summary judgment as to the Plaintiffs' allegation that they are vicariously liable for Winesett-Hill's actions. "'[U]nder the doctrine of respondeat superior a principal is vicariously liable for the torts of its agent if the tortious acts are committed within the line and scope of the agent's employment.' *Martin v. Goodies Distribution*, 695 So.2d 1175, 1177 (Ala. 1997). On the other hand, 'a party is ordinarily not liable for the tortious act of his independent contractor.' *Id*. 'The test for determining whether a person is an agent or employee of another, rather than an independent contractor with that other person, is whether that other person has reserved the right of control over the means and method by which the person's work will be performed ....' *Id*." *Bain v. Colbert Cnty. Nw. Alabama Health Care Auth.*, 233 So. 3d 945, 955 (Ala. 2017).

As discussed above, the uncontradicted evidence shows that Winesett-Hill was an independent contractor. First, the contract itself specifically provides that Winesett-Hill is an independent contractor rather than an employee. Further, the uncontested affidavit submitted by Samblanet makes clear that Speedway "contracted with Winesett-Hill to construct the project as a general contractor." (Doc. 23-4 at 1). Further, Samblanet stated that Speedway "did not direct the construction activity of Winesett-Hill or its subcontractors nor did it control or direct the means and methods of construction. Winesett-Hill was responsible for ensuring

compliance with all safety practices of the project and the means and method of the work." *Id.* at 2.

The contract between Speedway and Winesett-Hill similarly provided that Winesett-Hill was to supervise, manage, control, and direct the manner and methods for performing the Work." (Doc. 23-3 at 15). The Plaintiffs have pointed to no evidence that would contradict these assertions and contract provisions. Accordingly, the Court finds no genuine issue of material fact as to whether Winesett-Hill was an independent contractor. It was. That status dooms Plaintiff's attempt to hold Speedway vicariously liable for its actions. Accordingly, summary judgment is due in Speedway's favor on this issue as well.

### D. Negligent/Wanton Entrustment, Hiring, Training, Supervision, and/or Retention

The Plaintiffs' final claim also fails to clear the summary-judgment hurdle. The Alabama Supreme Court has held:

> "It has been stated generally that, in order for an employer to be liable for the negligent hiring, training, retention, and supervision of its *employee*, the plaintiff must also prove 'wrongful conduct' on the part of the employee. *University Fed. Credit Union v. Grayson*, 878 So.2d 280, 291 (Ala.2003) ('[A] party alleging negligent supervision and hiring must prove the underlying wrongful conduct of the defendant's agents.'); *Voyager Ins. Cos. v. Whitson*, 867 So.2d 1065, 1073 (Ala.2003) ('A party alleging negligent or wanton supervision and hiring must also prove the underlying wrongful conduct of *employees*.'); *see also Stevenson v. Precision Standard, Inc.*, 762 So.2d 820 (Ala.1999) (holding that a jury verdict against an employer based on negligent training and supervision of a supervisor who allegedly sexually harassed a fellow employee could not stand where the jury also

11

>  exonerated the supervisor); *Smith v. Boyd Bros. Transp., Inc.*, 406 F.Supp.2d 1238, 1248 (M.D.Ala.2005) ('Under Alabama law, the finding of underlying tortious conduct is a precondition to invoking successfully liability for the negligent or wanton training and supervision of an employee.'); and *Thrasher v. Ivan Leonard Chevrolet*, Inc., 195 F.Supp.2d 1314, 1320 (N.D.Ala.2002) ('In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed ... [a] tort.').''

*Ex parte Transp. Leasing Corp.*, 128 So. 3d 722, 728 (Ala. 2013), quoting *Jones Express, Inc. v. Jackson,* 86 So.3d 298 (Ala.2010) (emphasis added). Explicit in each of these cases is the requirement that the party at fault be an employee of the party sought to be held liable. For the reasons stated in the previous section, the uncontradicted evidence shows that Winesett-Hill was not Speedway's employee. Accordingly, Speedway cannot be liable for Winesett-Hill's wrongful actions, and its final claim fails.

### III. Conclusion

Having reviewed the evidentiary record submitted with Speedway's motion for summary judgment and considering Speedway's arguments in support of that motion, the Court finds no genuine issue of material fact to exist. Accordingly, Speedway's motion for summary judgment (Doc. 24) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. A separate, final judgment will be entered.

**DONE** and **ORDERED** November 15, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

13